SAMUEL JENNISON, Treasurer of the State Lunatic Hospital at Worcester, vs. INHABITANTS OF WEST SPRINGFIELD.

In an action by the treasurer of the State Lunatic Hospital against a town, to recover the expenses of the support of a lunatic pauper, a general verdict and judgment for the defendant in a similar action between the same parties, to which the defendant answered among other defences, that the pauper had no settlement within the Commonwealth, is conclusive evidence that the pauper had no such settlement during the period of furnishing the supplies sued for in the former action, if that question was submitted to the jury in that case.

ACTION OF CONTRACT by the treasurer of the State Lunatic Hospital at Worcester, to recover the expenses of the support of a pauper from the 1st of June 1854 to the 1st of March 1857. Trial in the superior court before *Wilkinson*, J., to whose rulings the defendants alleged exceptions.

*H. Morris*, (*H. Chapin* with him,) for the defendants.

*P. E. Aldrich*, (*P. C. Bacon* with him,) for the plaintiff.

BIGELOW, J. In this action the plaintiff seeks to recover of the defendants the expenses of the support of a lunatic pauper, on the ground that his residence, at the time of his commitment to the hospital, was in West Springfield. By *St.* 1837, *c.* 228, § 7, it is provided that no town shall be liable for such support, if it shall be made to appear that the lunatic, for whom payment is demanded, had no settlement within this commonwealth. The defendants relied on this provision in making their defence to the present action. For the purpose of showing that the pauper had no settlement in the State, they offered in evidence the record of a former judgment between the same parties in an action brought for the support of the same pauper. By that record it appears that the defendants, in tneir answer in the former action, alleged, among other grounds of defence, that the pauper had no settlement in any town in this commonwealth. It was also proved that evidence was offered by both parties, at the former trial, bearing on the issue raised by this averment of the defendants, and that the question whether the pauper had any settlement within this state was, among others,

submitted to the jury.  The record also shows that a verdict was rendered in favor of the defendants in that action, upon which judgment was duly entered.  Here then it appears that this fact was directly put in issue by the pleadings, and may have been the sole ground upon which the former verdict was rendered.  Upon well established principles, that verdict and judgment are conclusive between the parties to the record, as to the fact thus put in issue and determined.  It cannot again be litigated between them.  We cannot distinguish this case from the recent decisions in *Merriam* v. *Whittemore*, 5 Gray, 316, and *Sawyer* v. *Woodbury*, 7 Gray, 498.  It is wholly immaterial to the question of the conclusiveness of a judgment, whether the issue between the parties was raised by the averments of the plaintiff or of the defendant.  The real point is, Was the fact in issue the subject of judicial controversy, relied upon either in the support or the defence of the action, and comprehended within the verdict at the former trial ?  If so, it is by inference of law, conclusively settled between the parties by the judgment.  But if the fact was only incidental to the issue raised by the parties, or is to be deduced from the verdict and judgment by inference only, then it is not finally adjudicated so as to be binding on the parties.

In the present action, it was conclusively proved at the trial by the former judgment, that the pauper, up to the 1st of June 1854, being the end of the period for which the plaintiff sought in the former action to recover for his support, had no settlement within this commonwealth.  It follows that the legal effect of this evidence was misconceived at the trial, and its rejection was erroneous.                    *Exceptions sustained.*